## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Dave Sheldon,**

        **Plaintiff,**

**v.**                            **Case No. 98-2277-JWL**

**Jay Vermonty et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this action for securities violations and fraud to redress losses suffered in stock transactions involving a corporation controlled and promoted by defendants. In September 2002, a jury found against defendants and awarded plaintiff $38,722 in compensatory damages. Thereafter, the court heard additional evidence and awarded plaintiff $150,000 in punitive damages; $35,921 in statutory interest; $186,000 in attorney fees; and $12,000 in costs. Both sides appealed to the Tenth Circuit and the Circuit affirmed this court in all respects, with one minor modification regarding plaintiff's allowable costs. *See Sheldon v. Vermonty*, 2004 WL 1730348 (10th Cir. Aug. 3, 2004). In December 2004, plaintiff filed a motion to alter or amend the judgment to include an additional amount of attorneys' fees and costs. The court granted in part and denied in part the motion and awarded plaintiff $18,010.00 in fees for time spent attempting to collect the judgment and awarded plaintiff $907.41 in costs related to collection efforts. Plaintiff has now filed another motion to alter or amend (doc. 391) seeking to obtain an additional award of attorneys' fees and costs related to his continued efforts to collect the

judgment.   The request is made pursuant to K.S.A. § 17-1268.[1]   As explained below, the motion is granted in part and denied in part.

*Services Provided by Plaintiff's Counsel*

In his motion, plaintiff seeks an award of fees for 170 hours that his counsel and a paralegal have spent continuing their efforts to collect the judgment in this case.   Those hours multiplied by the rates that this court has previously determined are appropriate in this case result in attorneys fees of $27,100.30.     Plaintiff's billing records are detailed and, except for a few minor exceptions,[2] support the fees requested by plaintiff.   Moreover, defendants have failed to respond to plaintiff's motion (it is evident that defendants are not participating in this case on any level) and do not challenge the fee request in any respect.   The court, then, concludes that plaintiff is entitled to an award of $26,969.05 for fees incurred by his counsel in connection with collection efforts.

*Fees Paid to Other Lawyers*

Plaintiff seeks to recover $39,593.09 that he paid to various attorneys in New York for their assistance in collecting the judgment in this case.   Specifically, plaintiff seeks to recover

---

[1]In this court's prior order, the court concluded that K.S.A. § 17-1268 permits recovery of fees incurred in connection with post-judgment collection efforts. *See Sheldon v. Vermonty*, 2004 WL 2782817 (D. Kan. Dec. 3, 2004).

[2]The court deducts $131.25 from plaintiff's request for time spent on work not associated with collection efforts, including time associated with various motions pending before the Tenth Circuit.

$5451.80 paid to Doyaga & Schaefer; $4462.20 paid to Scheinberg, Finno & Schwartz; and $29,679.09 paid to Elhilow & Maccohoi. The court readily rejects plaintiff's request to the extent he seeks to recover fees paid to Doyaga & Schaefer and fees paid to Scheinberg, Finno & Schwartz. Plaintiff has not submitted any billing statements from these attorneys and he has not submitted any evidence suggesting that the amounts billed were reasonable. In fact, the record is devoid of any evidence concerning the hours worked by these attorneys (no attempt to provide any itemization of time spent has been made) and there is very little evidence demonstrating the nature of the work performed. These requests, then, are denied. *See Case v. United Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."); *see also Anderson v. Secretary of Health & Human Servs.*, 80 F.3d 1500, 1506 (10th Cir. 1996) (district court may totally deny fee request when no contemporaneous records were kept).

The court turns, then, to the fees paid to Elhilow & Maccohoi (E&M). The court first notes that some portion of the $29,679.09 paid by plaintiff to E&M was for various expenses paid by E&M. Plaintiff, however, has made no effort to categorize these expenses for purposes of section 1920 (in fact, he does not even characterize these amounts as "costs" under section 1920, but rather as "fees") and he has not complied with the pertinent local rules governing the payment of costs. *See* D. Kan. R. 54.1. Moreover, it is clear that many of these expenses would not fall within the bounds of section 1920 and the descriptions for other expenses are too vague for the

3

court to ascertain whether they are properly taxed under section 1920. The court, then, denies plaintiff's motion with respect to these amounts.

The court also denies plaintiff's motion to the extent he simply seeks to recover as reasonable attorneys' fees the amount of money that he and his counsel paid to E&M under the retainer agreement. In support of his request for $29,679.09, plaintiff submits a typewritten sheet that sets forth the amount of each check written by him or his counsel to E&M. Plaintiff has also provided copies of these checks. While the sum of the checks equals $29,679.09, the billing statements sent by E&M to plaintiff, which plaintiff has submitted to the court, do not reflect fees in this amount. Rather, the billing statements reflect fees in the amount of $20,945.87. In other words, the billing statements do not support plaintiff's request for more than $29,000.

Finally, while it appears from the billing statements that the hours spent were reasonable (again, defendants have not responded to plaintiff's motion and do not challenge these fees in any respect), E&M have charged plaintiff $275.00 per hour for work performed by attorney Joseph Genzano and the record is devoid of any evidence from which the court could determine that this is a reasonable hourly rate. The court does not know whether Mr. Genzano is a partner or an associate, what his skill level or experience is or what the prevailing market rate might be in Hawthorne, New York. As the court has previously held that a reasonable rate for counsel's work in this case is $175.00, the court will use this rate for the work performed by Mr. Genzano. *See Tlacoapa v. Carregal*, 386 F. Supp. 2d 362 (S.D.N.Y. 2005) (discussing that reasonable hourly rates for attorneys practicing in the Southern District of New York may vary from $105 per hour to $250 per hour depending on experience). The court, then, awards plaintiff $13, 321.00 for fees

4

paid to E&M for E&M's collection work in this case.

*Costs*

Plaintiff seeks to recover $8050.00 in additional costs, consisting of $7500.00 for costs incurred in connection with having a sheriff in New York advertise the sale of one of the defendant's homes for purposes of collecting the judgment and $550.00 for costs incurred in conducting a title search and UCC search on the property. According to plaintiff, these expenses are taxable as costs pursuant to 28 U.S.C. § 1921.[3] Section 1921 allows the United States marshals or deputy marshals to collect, and a court to tax as costs, fees for, among other things, the preparation of any notice of sale. *See* 28 U.S.C. § 1921(D). While plaintiff concedes that the United States marshals did not prepare the notice of sale at issue in this case and did not participate in any way in disposing of the property (rather, a state court clerk was involved because plaintiff is endeavoring to collect his judgment through a state court action), he contends that section 1921 applies because the United States marshals "could have easily" been involved in this proceeding. This argument is rejected. The purpose of section 1921 is to reimburse the federal government for services rendered to private litigants by United States marshals, *Hill v. Whitlock Oil Servs., Inc.*, 450 F.2d 170, 174 (10th Cir. 1971), and the statute provides no basis for authorizing payments to litigants themselves. *Midlantic Nat'l Bank v. Sheldon*, 751 F. Supp. 26,

_____

[3]In his previous motion to alter or amend, plaintiff sought to recover the $7500.00 advertisement expense under 28 U.S.C. § 1920 and the court denied the request, noting that the expense did not fall within the bounds of that section.

30 n.1 (E.D.N.Y. 1990).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to alter or amend the judgment (doc. #391) is **granted in part and denied in part**. Specifically, the court awards plaintiff $40,290.05 in fees; motion is denied in all other respects.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

6